**SCHOOL DISTRICTS: INSURANCE: RETIRED EMPLOYEES:** School district is not required to make available same level of insurance coverage to retired employees 65 years of age and older as that provided to active employees. Minn. Stat. § 471.61, subd. 2b.

161b-7
(Cr. ref. 59a-25),
125a-28,
469a-7

December 15, 1998

Patricia A. Maloney
Amy E. Mace
Ratwik, Roszak & Maloney, P.A.
300 Peavey Building
730 Second Avenue South
Minneapolis, MN 55402

Dear Ms. Maloney and Ms. Mace:

In your letter to Attorney General Hubert H. Humphrey III, you submit substantially the following:

## FACTS

Independent School District No. 622, North St. Paul-Maplewood provides group hospital, medical and dental insurance coverage to its employees. The school district also allows former employees and their dependents to continue to participate in the same hospital, medical and dental insurance group that the employee participated in immediately before retirement.

You then ask substantially the following:

## QUESTION

Is the school district required by Minn. Stat. § 471.61. subd. 2b to make available to an eligible employee who is 65 years or age or older the same level of coverage that the employee received prior to retirement?

## OPINION

We answer your question in the negative. Minn. Stat. § 471.61. subd. 2b provides in part:

A unit of local government must allow a former employee and the employee's dependents to continue to participate indefinitely in the employer-sponsored

> hospital, medical, and dental insurance group that the employee participated in immediately before retirement under the following conditions:
>
> (a) * * *
>
> (b)sUntil the former employee reaches age 65, the former employee ands dependents must be pooled in the same group as active employees <u>for purposes ofs establishing premiums and coverage</u> for hospital, medical and dental insurance.s

(Emphasis added.) We note that the statute does not by its terms entitle retired employees to retain any particular level of coverage. Rather it entitles them to continue to participate in the group in which they previously participated. However in that respect, these provisions are not a model of clarity. The initial clause indicates generally that the retired employee may participate in the same employee sponsored insurance "group" indefinitely, while the second requires inclusion in the same "group" as active employees for premium and coverage purposes only until age 65.

Resolution of this seeming contradiction, pursuant to established rules of statutory construction, leads to the conclusion that, while retired employees may participate indefinitely in an employer-sponsored group plan, the premium and level of coverage provided to retired employees 65 years of age and over may differ from that provided to then-active employees.

Minn. Stat. § 645.17(2) provides that the legislature intends the entire law to be effective and certain. As noted by the Court in State v. Perry, 524 N.W.2d 21 (Minn. App. 1994), "a construction which would give no effect to [a] part of the statute, is to be avoided." Id. at 23.

Minn. Stat. § 645.26, subd. 1 provides that "when a general provision in a law is in conflict with a special provision of the same or another law, the two shall be construed, if possible, so that effect may be given to both." If that cannot be done then the special provision will prevail.

Patricia A. Maloney
Amy E. Mace
Page 3

In this situation subparagraph (b) plainly is more specific and limiting than the initial clause of the subdivision. Furthermore, if subdivision 2b were interpreted to require that the same coverage be made available to retired employees before and after age 65, no effect would be given to that part of subparagraph (b) which limits the mandatory inclusion with the active employee group to retired employees under 65 years of age. To have meaning subparagraph (b) must be interpreted to imply that premium and coverage levels for employees 65 years of age and older may differ from those for active employees and younger retirees.

Thus it is our opinion that local government employers including District 622 are not required to make available to retired employees 65 years of age or older the same coverage as that provided at the time of retirement. or that available to currently active employees.

Very truly yours.

HUBERT H. HUMPHREY III
Attorney General

KENNETH E. RASCHKE. JR.
Assistant Attorney General